

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-1198
Re: Old Age Assistance Administra-
tive Expense; Department of
Public Welfare appropriation,
S. B. No. 36, 46th Legislature.

We are in receipt of your letter of July 28,
1939, in which you point out certain enactments by the
Legislature, and request the opinion of this depart-
ment upon the following questions:

"(1) What is the correct percentage, or
what are the correct percentage rates, to be
applied to administration expenses incurred in
payment of old age assistance?

"(2) Should the rate, or rates, apply
only to the State's part of old age funds, or
to the total amount expended by both the state and
Federal governments?"

Section 6, Acts 44th Legislature, 2nd. Call.
Sess., H. B. 26, Ch. 472, p. 1854, provides as follows:

"The expenses of administering this Act
shall never exceed five per cent (5%) of the
total amount of State funds expended for Old
Age Assistance; provided, however, that the
Texas Old Age Assistance Commission is empow-
ered to accept any funds appropriated and
allocated to the State of Texas for adminis-
trative expenses by the Federal Government

Hon. Geo. H. Sheppard, Page 2

or the Social Security Board, and same may
be expended for administrative purposes in
addition to that allowed for administrative
purposes out of State funds expended."

By Acts 44th Legislature, 3rd Call. Sess. H.B.
8, Ch. 495, p. 2040, the Legislature made some changes
in the former Old Age Assitance Act and the duties
theretofore performed by the Texas Old Age Assistance
Commission were placed under the Board of Control. This
Act, as did H. B. 26 of the 46th Legislature, 2nd Call.
Sess. created the Texas Old Age Assistance Fund as a
separate account in the State Treasury and appropria-
tions were made to said fund for the purpose of grant-
ing aid and assistance and paying administrative costs.
Section 6 of H. B. 26, 2nd Call. Sess. was carried for-
ward into H. B. 8 of the 3rd Call. Sess. 44th Legis-
lature as Article _, Sec. 6 in the following language:

"The expenses of administering this Act
shall never exceed five per cent (5%) of the
total amount expended for Old Age Assistance;
provided, however, that the Commission is em-
powered to accept any funds appropriated and
allocated to the State of Texas for adminis-
trative expense by the Federal Government or
the Social Security Board, and same may be
expended for administrative purposes in addi-
tion to that allowed for administrative pur-
poses out of State funds expended."

The Forty-sixth Legislature by S. B. No. 56
established the State Department of Public Welfare providing
that said department should on September 1, 1939, among
other duties, take over the administration of the Old
Age Assistance Act. We quote the following pertinent
provisions of said Act:

"Sec. 9 (e). All of the rights, powers and
duties heretofore conferred by law upon the Texas
Old Age Assistance Commission, when not other-
wise in conflict with any of the provisions of
this Act, are hereby continued in full force and
effect, and are hereby transferred to, and con-
ferred upon the State Department of Public Wel-
fare as created by this Act, and shall be held,
exercised and performed by the State Department
under the provisions of this Act, and the several
Acts now in force, and any amendment or amend-
ments thereto which might be made. To effectuate
this purpose, the records and physical properties
are hereby transferred to the State Department

and place under its supervision, and the Texas Old Age Assistance Commission is hereby abolished."

"Section 11(b). For the purpose of carrying out the provisions of this Act, all monies in the Texas Old Age Assistance Fund, created by House Bill No. 26, Acts of the Second Called Session of the Forty-fourth Legislature, as amended by House Bill No. 8, Chapter 495, Acts of the Third Called Session of the Forty-fourth Legislature shall be transferred to the State Department of Public Welfare Fund as created by this Act, provided same shall be expended only for the purpose of carrying out the provisions of House Bill No. 8, Chapter 495, Acts of the Third Called Session of the Forty-fourth Legislature, and any amendments thereto. All monies that have heretofore, or may be, allocated, for the purpose of carrying out the provisions of House Bill No. 8, Chapter 495, Acts of the Third Called Session of the Forty-fourth Legislature, to the Texas Old Age Assistance Fund shall, for the effective date of this Act, be allocated to and placed in the State Department of Public Welfare Fund to be used for the purposes for which they were created or appropriated."

"Sec. 37 (a). There is hereby created in the Treasury of the State of Texas a special fund to be known as the 'State Department of Public Welfare Fund', to be kept separate and apart from all other funds by the State Treasurer. It is provided that the Legislature, out of any monies allocated to said Fund, may appropriate sums of money sufficient to pay the aid and assistance to needy citizens of Texas and for the rendering of other service as provided for in this Act. It is further provided that, out of said Fund, the Legislature may appropriate monies to be used for the purposes of administering this Act."

The departmental appropriation bill of the Forty-Sixth Legislature, S. B. No. 427, makes certain itemized appropriations for the division of Old Age Assistance of the State Department of Public Welfare, providing that said itemized appropriation shall be paid out of Texas Old Age Assistance Fund as transferred to the State Department of Public Welfare fund by S. B.

No. 36, Acts 46th Leg., Reg. Sess., followed by the following rider to said appropriation:

"All income to the Texas Old Age Assistance Fund, as transferred to the State Department of Public Welfare Fund by S. B. No. 36, Acts 46th Legislature, Regular Session, together with any balances on hand at the end of a prior fiscal year, is hereby appropriated for each of fiscal years ending August 31, 1940 and August 31, 1941, to the State Department of Public Welfare for old age assistance and for salaries, equipment supplies, travel, maintenance, and contingent expenses necessary in the extension of said old age assistance and in administering all the duties required of said Department by the Old Age Assistance Laws, and for payment of interest-bearing warrants or State Treasury Certificates exchanged therefor, together with interest thereon, outstanding on August 31, 1939, that were issued against the Texas Old Age Assistance Fund under the provisions of H. B. No. 37, Acts of the 44th Legislature, 3rd C. S. and under the provisions of H. B. 179, Acts of the 46th Legislature, Regular Session, in accordance with schedule of payments as authorized and directed in H. B. No. 179 and H. B. No. 1046, Acts, Regular Session, 46th Legislature, and in accordance with appropriations made for payment of such warrants or certificates in H. B. 179 and H. B. No. 1046, Acts, Regular Session, 46th Legislature; provided, that for the administration of the Old Age Assistance Laws the administrative expenses out of State funds for the biennium shall never exceed five per cent (5%) of the total amount expended for assistance out of all funds, State and Federal. Provided, further, that in addition to this appropriation out of State funds for administrative expenses for the biennium, the Department is authorized to accept from the Federal Social Security Board any funds that may be allocated by said Board to the Department for administrative expenses, and said Department can use such Federal funds allocated for administrative expenses in addition to funds appropriated for those purposes out of State funds. Provided, further, that aid and assistance shall be granted and extended in the manner provided by law. In the event the above

total itemized appropriations out of State funds for administration are less than five per cent (5%) of the total expenditures for assistance out of all funds, State and Federal, and a necessity therefor exists, the Department is authorized to hire additional employees; provided, in all events the total expenditures out of State funds for administration shall not exceed five per cent (5%) of the total expenditures for assistance out of all funds, State and Federal, and that no additional employees used shall be paid larger salaries than are above fixed for employees rendering similar services; provided, that this appropriation out of the Old Age Assistance Fund, as transferred to the State Department of Public Welfare Fund by S. B. No. 56, Acts 46th Legislature, Regular Session, shall be in effect during the biennium ending August 31, 1941. Provided, that in the event for any reason Federal participation in payment of grants of old age assistance and administrative expenses therefor is withdrawn at any time or has been withdrawn at the time this appropriation act takes effect, the State Department of Public Welfare out of any monies in the Old Age Assistance Fund, as transferred to the State Department of Public Welfare Fund by S. B. No. 56, Acts, 46th Legislature, Regular Session, can expend for administrative expenses monies up to and not to exceed ten per cent (10%) of all funds expended, both State and Federal, for aid and assistance for the biennium ending August 31, 1941, and in such instance all provisions in this act limiting such expenditures for administrative expenses to five per cent (5%) of monies expended for aid and assistance are superseded by this provision, and to effect this provision any and all limitations that might have heretofore been placed on such expenditures are hereby suspended and declared to be inoperative for the biennium ending August 31, 1941."

We call attention to Section 6 of H. B. 26, which limited the amount of State funds which could be expended for administration purposes to "5% of the total amount of state funds expended for Old Age Assistance". When re-enacted in Section 8, H. B. No. 8, however, the phrase "of state funds" was omitted so as to provide that "5% of the total amount expended for Old Age Assistance" would be the limit on administration expenditures.

In San Marcos Baptist Academy v. Burgess (T.C.A. 1927) 292 S. W. 626, it is stated:

"Ordinarily, the mere fact that significant words are omitted from the re-enactment or amendment of a statute imports a conclusive presumption that the Legislature intended to exclude the object theretofore accomplished by the abandoned words."

The general rule is stated in 39 Tex. Jur. p. 241, Sec. 128, as follows:

"In the construction of an act or provision that has been amended, re-enacted or restated, the circumstance that the original statutory language has been modified, or that it has been preserved unchanged, in certain particulars, may be taken into consideration, as an aid to the ascertainment of the legislative intent. Speaking generally, alterations in the language of a statute must be given effect. The omission of a significant word or provision from an amendment or re-enactment indicates a desire to change the effect or interpretation of the Act, or an intention to exclude the object theretofore accomplished by the words omitted."

We give effect to this rule and construe Section 8 of H. B. No. 8 to be broader than Section 6 of H. B. 26 so that the limitation on the amount of administrative expense payable out of state funds is limited to 5% of the total amount expended for Old Age Assistance which will include Federal as well as State funds expended by the Board. Under this construction the 5% provision in the General Appropriation Bill is but declaratory of the limitation in the general law, although expressed in somewhat clearer language.

Hon. Geo. H. Sheppard, Page 7

Under the construction we place upon Section 8, Article 2, H. B. 8, Third Called Session, Forty-fourth Legislature, it becomes unnecessary to determine whether the limitation contained therein must supersede a provision in the Departmental Appropriation Bill. Since the Federal Government has not withdrawn its participation, we have not considered the questions which may arise upon the happening of this contingency and respectfully request that you submit such questions when the necessity arises.

In answer to your first question it is our opinion that the limitation upon the percentage rate to be applied to administration expenses incurred in payment of Old Age Assistance is 5% of the total amount expended for Old Age Assistance, but we express no opinion upon what percentage will be applicable if and when the Federal Government withdraws its participation.

With reference to your second question, the five per cent limitation on the payments from State funds is to be measured by the total amount expended for Old Age Assistance which includes State and Federal funds expended by the Board.

In addition to the above administrative expense allowed out of State funds, any moneys allocated by the Federal Government to the Board for administrative expense may also be expended for such purpose.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Cecil C. Cammack
Assistant

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

CCC:BT

APPROVED AUG 16, 1939

ATTORNEY GENERAL OF TEXAS